**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 93-5622

MARVIN LEE MCAFEE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-92-564-6)

Submitted: November 30, 1995

Decided: August 6, 1996

Before WILKINSON, Chief Judge, MICHAEL, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Preston Strom, Jr., United States
Attorney, David C. Stephens, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marvin Lee McAfee noted a pro se appeal of his conviction on his guilty plea for his role in an extensive conspiracy to distribute cocaine. McAfee's court-appointed appellate counsel initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). After our independent review of the record, this court ordered counsel to resubmit a brief in compliance with Anders and Penson v. Ohio, 488 U.S. 75 (1988), paying special attention to the fact that McAfee's retained trial counsel also represented a co-defendant. The co-defendant was named in the same indictment and was convicted, on a guilty plea for a smaller role in the conspiracy. In response to our order, counsel filed a superseding brief arguing that McAfee had been denied effective assistance of counsel because the record did not reflect that his waiver of conflict-free counsel was knowing and intelligent. Counsel also argued that the district court erred in failing to conduct a Fed. R. Crim. P. 44(c) inquiry when informed of the joint representation. Because McAfee has failed to establish the cornerstone of each claim, namely that trial counsel had an actual conflict of interest, we affirm.

McAfee initially attacks the voluntariness of the waiver he signed regarding trial counsel's multiple representation. Because the record contains only the waiver form itself, and no further inquiry regarding the waiver, McAfee argues that it is impossible to determine whether he "knowingly, intelligently, and intentionally" waived his right to conflict-free counsel. Without such an inquiry on the record, McAfee argues that his Sixth Amendment right to effective assistance of counsel has potentially been compromised and remand is therefore necessary. Not only is this argument unsupported by caselaw, it also begs the question. If McAfee's counsel did not have a conflict of interest, it is virtually immaterial whether McAfee's waiver was valid. In the absence of a contemporaneous objection, to establish a violation of the Sixth Amendment a defendant "must demonstrate that an actual

2

conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).

To protect the interest in conflict-free representation, Fed. R. Crim. P. 44(c) requires the district court to "promptly inquire with respect to such joint representation and [ ] personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed. R. Crim. P. 44(c) (emphasis added). Here, the district court failed to inquire into the potential for conflict of interest once counsel informed the court that there was a waiver on file. At no time did McAfee or his co-defendant object to this dual representation. Notwithstanding Rule 44(c), without such an objection, the trial court may assume that there is no conflict, "unless the court knows or reasonably should know that a particular conflict exists." United States v. Akinseye, 802 F.2d 740, 744 (4th Cir. 1986) (citation omitted), cert. denied, 482 U.S. 916 (1987).

Conversely, "[i]f the court is aware, or should be aware, of a particular conflict, it should conduct a sua sponte inquiry into its existence." Id. (emphasis in original). However, this court has held that the district court's failure to hold a Rule 44(c) hearing where there was dual representation does not create a per se right to reversal. United States v. Arias, 678 F.2d 1202, 1205 (4th Cir.), cert. denied, 459 U.S. 910 (1982). Rather, on appeal, this court must initially inquire as to whether there was an actual conflict. See United States v. Gilliam, 975 F.2d 1050, 1054 (4th Cir. 1992) (finding an actual conflict requiring a remand for a Rule 44(c) hearing).

Although he had identified two potential sources of conflict, McAfee has failed to show any actual conflict arising from trial counsel's dual representation. Our review of the record reveals no conflict. Without an actual conflict of interest on the part of McAfee's trial counsel, the mere fact of the multiple representation is no ground to disturb the otherwise valid guilty plea and sentence. Accordingly, we affirm McAfee's conviction and sentence.

We note that the district court's judgment reflects a conviction for a violation of 21 U.S.C.A. § 846 (West Supp. 1995), while the indictment, plea agreement, plea colloquy, and presentence investigation report all refer to 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). Both

3

parties urge this court to remand the case for the purpose of correcting a typographical mistake in the presentence report. To the extent that there is a clerical error in the district court's"judgments, orders or other parts of the record," the more appropriate vehicle for its correction is a motion in the district court pursuant to Fed. R. Crim. P. 36. Consequently, we decline to remand the case.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4